Judge Underwood
delivered the Opinion of the Court.
This was a motion for failing to return an execution, as required by law. The notice required the defendant to appear on the fourth day of the March term of the Franklin circuit court, in the year 1831. On that day the notice was entered, and the motion laid over until the sixth day of the term. No further notice seems to have been taken of the motion until the tenth day of the term ; when an entry was made, continuing the motion until the fourth day of the next term, at the costs of the defendant. On the fifth day of the next term, the defendant again obtained a continuance, at his costs, until the fifth day of the October term. At the October term, the defendant procured another Continuance until the next term, generally, without fixing any particular day when the motion should be tried. The next notice taken of it, is on the sixth day of the July term, 1832, when it was laid over, by consent, to the seventh day of the term. On the tenth day of the term, it was continued to the sixth day of the next term. On the seventh day of the next term, the motion was fully heard.
The court, on consideration, ordered the motion to be discontinued, because it had not been regularly continued ; and the plaintiff excepted.
We think the court erred. If a notice be given, and not entered on the day the party is notified to appear, it thereby becomes null. Any proceedings thereafter, founded upon it, unless the defendant enters his appearance, would be illegal. But when the notice is entered on the day the defendant is notified to appear, he is then regularly in court, and the motion may be continued *273 from term to term, like any other suit, without setting it for hearing on a particular day of the ensuing term. The clerk should docket it, like any other cause, after a continuance ; and if it be not reached on the day set for hearing, it would lie over like any other suit, and the party and his witnesses should attend upon it accordingly.
In this case, the record shews that the defendant was in court, making motions for continuance term after term, and that he appeared, by his attorney, and was fully heard on the day the motion was submitted for the adjudication of the court. The only object of the notice was to bring him into court, to litigate the matter. He could not infer any abandonment of the motion as he might have done, had there been a failure to enter the notice, on the day it was returnable. We think the failure to notice, or enter, on record, a continuance of the motion from day to day, after the parties were in court, did not put them out of court.
Wherefore, the judgment is reversed, with costs, and the cause remanded for a new trial.