JUDGE HARDIN
delivered the opinion of the court:
R. H. Hazelrigg, as assignee of Markwell, held a note on Allen Story and James Newman for four hundred dollars, payable December 25th, 1860, on which he obtained a judgment in the Fleming circuit court in March, *415 1861. In the debt Story was principal and Newman his surety. An execution on the judgment was replevied by Story and Newman, with Johnson as their surety, on the 25th day of April, 1861; and an execution on the replevin bond was issued against Story, Newman, and Johnson, on the 26th of July, 1861, which the sheriff, by the written direction of Story, levied upon a tract of one hundred and fifty acres of land, as the property of Story; and under a venditioni exponas, subsequently issued to enforce this levy, as well as under the levy of an execution in favor of Alvin G. Day’s executors against Story, the land was sold on the 28th day of October, 1861, and purchased by Hazelrigg, and the agent of Day’s executors; and the sheriff returned the venditioni satisfied.
Afterwards, on the 1st of January, 1862, a suit was brought by A. W. Graham against Story and others, for the purpose of subjecting property formerly belonging to Story to the payment of his debts, according to the provisions of the act of 1856 (1 Revised Statutes, 553); and in that case in July, 1862, it was adjudged by the court that certain conveyances made by Story in July and November, 1861, were made in contemplation of insolvency, and with the design to profer certain creditors to the exclusion of others, and inured to the benefit of all the creditors of Story, and operated at their date as a transfer of all of his property not exempt from execution to their use, according to the provision of said act of 1856; and this judgment was affirmed by this court. (4 Metcalfe, 319.)
And upon amended pleadings, subsequently filed, a further judgment was rendered in the cause on the 10th day of September, 1862, subjecting the land purchased by Hazelrigg and Day’s executor to sale and distribu *416 tion among the creditors of Story, as had. been adjudged in regard to his other property.
Hazelrigg having thus lost the benefit of his purchase, upon notice to Story, Newman and Johnson moved the Fleming circuit court, at its November term, 1865, to quash and set aside the sheriff’s return of the sale, which was done.
, The record shows, that, “ pending this motion, the defendants, Newman and Johnson, also moved the court to enter up an order that any fi. fa. that may issue shall be indorsed that they, as- sureties in the replevin bond, are discharged.”
The court, on quashing the return, “ took time as to the motion of Newman and Johnson,” and no further disposition appears to have been made of it.
An execution having been issued on the replevin bond after the order quashing the sheriffs return, Newman and Johnson brought this suit in equity, on the 27th day of February, 1865, enjoining the collection of the execution, and claiming to be released from liability on the bond upon two grounds:
1. By the satisfaction of the execution through the agency of Hazelrigg, in purchasing the land, whereby their rights of recourse and idemnity as sureties were impaired.
2. By his failure to issue execution for over one year, they being sureties in the replevin bond.
The court having, on a hearing of the cause, dismissed the petition and dissolved the injunction, Newman and Johnson have appealed from the judgment. They also prosecute a separate appeal, on the same record, from the judgment, on the motion to quash the sheriff’s return.
Both appeals will be. considered together.
*417 As the evidence on which the court acted in quashing the sheriff’s return is not certified in the record, it must be presumed by this court to have been sufficient to authorize the judgment; that judgment will therefore be affirmed.
In the suit in equity of Newman and Johnson against Hazelrigg, the latter does not seem to have specifically relied on the judgment on the motion to quash the sheriff’s return as a bar to the relief sought in the suit in equity. We are of the opinion, however, that that judgment did not constitute a bar to the appellant’s right to claim to have been exonerated upon the grounds alleged in their petition.
The right of the plaintiff in an execution, which has been returned satisfied, to have the return quashed, so that another execution may be issued, where the return has been made without any satisfaction in fact to the plaintiff, has been repeatedly recognized by this court. It was so ruled in the case of Offutt vs. The Bank of Kentucky, decided at the present term.
But this principle does not, in our opinion, militate against the right of the surety to claim his release, either where the statute of limitations has operated to release him, or where, by the act of the creditor, his responsibility has been increased, or he has been deprived of any of the remedies which the law affords to a surety for his protection.
The principle is well established, that where, by an arrangement between the creditor and the principal debtor, satisfaction is accepted of the latter, and the obligation of both principal and surety thereby discharged — although it be by the acceptance of a new security for the debt, which proved to be worthless — the *418 original claim cannot be resuscitated so as to revive the liability of the security. (Berry vs. Stockwell, 10 B. Monroe, 300.)
But it is insisted, that although the sale of the land and sheriff’s return may have operated to impair or suspend the right of the appellants to indemnify themselves by proceeding against Story, yet as this was the consequence of the act of the sheriff and not of the plaintiff in the execution, the principle we have just stated does not apply to this case.
We are of the opinion, however, that as the appellee sanctioned the sale and co-operated in it by becoming the purchaser, and the appellants do not appear to have had any agency in it, the effect thereby produced upon their rights and remedies as against Story operate to extinguish their liability on the replevin bond.
This view of the.case renders it unnecessary for us to consider the other questions presented.
Wherefore, for the reasons stated, the judgment rendered on the 16th day of November, 1864, quashing the sheriff’s return, is affirmed; but the other judgment appealed from is reversed, and the cause remanded, with directions to enter a judgment perpetuating the appellants’ injunction, and otherwise in conformity to this opinion.