CASE 48—PETITION ORDINARY—JANUARY 28.

# Day vs. Billingsly.

3bu 157
f129 492

### APPEAL FROM TODD CIRCUIT COURT.

1. $705 58. Twelve months after date, we promise to pay Mrs. Agnes C. Reed seven hundred and five dollars and fifty-eight cents. Witness our hands, this 22d February, 1857.    JNO. P. BILLINGSLY,
                                                                Z. BILLINGSLY.

   Suit was brought by D. O. Day, assignee of the foregoing note, more than seven years after the cause of action accrued. Z. Billingsly insisted that he was only a surety, and plead the statute of limitations. On these issues the jury found a verdict in his favor, and judgment was rendered accordingly by the circuit court—*which judgment is affirmed.* It was not necessary for Z. Billingsly to allege or prove that the assignee had notice that, contrary to the apparent obligation, he was not a principal, but was surety only. The statute of assignments allows the same defense against an assignee as against his assignor.

2. The assignee, knowing the statute of limitations, forbears to sue at the peril of releasing any party to the note who may be able to prove that he was, in fact, surety only; and, before he incurs this hazard, it is his business to inquire whether any of the obligors is surety only. It is not the duty of the surety to know of the assignment.

3. $600.                                            TRENTON, KY., Nov. 24th, 1856.
   Four months after date, we, or either of us, promise to pay, to the order of D. O. Day, six hundred dollars, negotiable and payable at the office of the State Bank of Tennessee, at Clarksville, for value received.                                        JNO. P. BILLINGSLY,
                                                                Z. BILLINGSLY.

Day vs. Billingsly.

To the suit of D. O. Day, on the foregoing note, the defendant, Z. Billingsly, plead that the plaintiff, D. O. Day, and Jno. P. Billingsly, being partners in merchandise, drew said note for the purpose of borrowing money, and that, as surety only, he signed it merely for their accommodation, and for no other consideration. *Held*—That there was no binding consideration in this note, as between the plaintiff and this defendant, and that the judgment in favor of the defendant was right.

STITES & BULLITT and
BRISTOW & WHARTON,                                        For Appellant,
                            CITED—

   5 *B. M.*, 564; *Lewis vs. Harbin & Downing*.

   2 *Met.*, 249–51; *Neil vs. Harding*.

   1 *Duvall*, 13, *and cases cited;* 4 *Met.*, 47.

   14 *B. Mon.*, 17; *Patton vs. Shanklin*.

   *Rev. Stat.*, ch. 97, sec. 15.

   2 *Bibb*, 91; 5 *J. J. M.*, 87; 2 *Bibb*, 416; *Mar.*, 203.

   12 *B. Mon.*, 235; 17 *B. Mon.*, 307.

H. G. PETREE and
STEVENSON & MYERS,   .                                    For Appellee,
                            CITED—

   5 *B. Mon.*, 563; *Hunt vs. Brand's heirs*.

   5 *B. Mon.*, 574; *Lewis vs. Harbin, &c.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The judgment appealed from was rendered against the appellant, on each of the following notes, in an action brought by him as assignee of the first and obligee of the last:

"$705 58.   Twelve months after date, we promise to pay Mrs. Agnes C. Reed seven hundred and five dollars and fifty-eight cents.   Witness our hands, this 22d February, 1857.                                    JNO. P. BILLINGSLY,

                                                   " Z. BILLINGSLY."

" $600.                         TRENTON, KY., Nov. 24th, 1856.

" Four months after date, we, or either of us, promise to pay, to the order of D. O. Day, six hundred dollars,

negotiable and payable at the office of the State Bank of Tennessee, at Clarksville, for value received.

" JNO. P. BILLINGSLY,<br>
" Z. BILLINGSLY."

The suit, not having been brought within seven years after the cause of action had accrued, the appellee, Z. Billingsly, insisting that he was only a surety in the first note, pleaded the statute of limitations; and, as to the second note, he pleaded that the appellant and J. P. Billingsly, being partners in merchandise, drew that note for the purpose of borrowing money, and that, as surety only, he signed it, merely for their accommodation, and for no other consideration.

On these issues the jury returned a verdict in the appellee's favor on both notes, and judgment was rendered in his favor accordingly.

The verdict is sustained by sufficient evidence of the appellee's mere suretyship in each of the notes; and, therefore, there being no binding consideration in the last note as between the appellee and the appellant, the judgment appears to be right on that note; and it is evidently right on the first.

But the appellant's counsel insists that the judgment was erroneous on the assigned note, because there is neither proof nor allegation that the assignee had notice that, contrary to the apparent obligation, the appellee was not a principal, but was surety only.

No such proof was indispensable to the exoneration of the appellee as actual surety. It seems to us that neither authority nor principle required it.

Had the exoneration been claimed on the ground of unauthorized novation, there might be some plausibility in the argument. In such a case the surety's claim to exoneration in equity might be plausibly met by an al-

leged estoppel by allowing the assignee to purchase the note as the principal obligation of both signers, which, as put into circulation, it appeared to be. But, whether such an assumed estoppel would be available, would depend on the true construction of the statute of assignments, which allows the same defense against an assignee as against his assignor; and also on the question whether notice to the assignor is not notice to the assignee, who takes the note as the assignor held it. This court, whatever it may have intimated or adjudged, has not yet conclusively settled these questions, and we need not in this case express a judicial opinion on them, because the statute of limitations, and not merely equitable considerations, must govern.

The statute, being unqualified and peremptory, cannot be moulded by the judiciary so as to be inoperative on any ground not excepted or provided for by the Legislature, which chose to enact it as it is. The reasoning that might be applied to a novation would be inapplicable to the construction of the statute. The assignee, knowing the statute, forbears to sue at the peril of releasing any party to the note, who may be able to prove that he was in fact surety only; and before he incurs this hazard, it is *his* business to inquire whether any of the obligors is surety only.

It is not the duty of the surety to know of the assignment and invite a suit by notifying the assignee that he is but surety, and will claim exoneration unless suit shall be brought within seven years. To require this would be not only unreasonable, but unnecessary under the inexorable statute, neither requiring nor contemplating any such thing.

Wherefore, the judgment on each of the notes seems to be right, and is affirmed.