SWEENEY & TAYLOR *v.* A. MILL ET UX.

**Sheriff's Return While in Office—Contradicted by Affidavit.**
 A sheriff's return while in office, under sanction of the official oath, will not be disturbed, under his affidavit, after he went out of office, some four years later, that the date as mentioned was erroneous.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 16, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

April 1, 1861 there issued from the Daviess circuit clerk, an execution in favor of Decker & Johnson for the benefit of Meir against Alex Mill, returnable Saturday succeeding the second Monday in May thereafter.

The sheriff levied this execution on half of lot No. 117 in Owensboro, as shown by the original return, on April 24th, and sold it June 12th thereafter, and Meir became the purchaser at $516.

There was no appraisement returned with the execution nor is there anything to show there was one made as required by statute.

Subsequently Meir transferred his bid to Sweeney & Taylor who took the sheriff's deed to said lot, September 14, 1863, which recites that the lot was sold by virtue of said execution and levy, June 12, 1863.

Mill not surrendering the possession, the appellants brought suit to recover it, and Mill put in defense, to which a demurrer was sustained, and he brought the case to this court, see *2 Duvall, 161,* which reversed it because the petition was defective as it exhibited the title under which the plaintiffs claimed and averred that the sale was on June 1, whilst the execution, sheriff's levy and return showed it was on June 12, 1863, and as the day the petition averred the sale took place was on Sunday and the day the sheriff's levy showed it took place was not the first day of some court to be held for the county as required by statute, the plaintiff showed a defective execution of the writ and an informal and

illegal sale, hence the demurrer should have been carried back to the petition.

On the return of the cause, though the sheriff had gone out of office the court permitted him to amend his return, in which he sets out that the former return was incorrect as to the date of the sale, that it was made Monday June 9, 1863, that being the first day of the Daviess county court.

In the mean time the plaintiffs, by some peaceable means, got possession of the property and added to it valuable improvements.

The cause, after its return from this court, was transferred to equity and the chancellor adjudged the sale illegal and directed the master to ascertain the value of the improvements, the value of the rents and after allowing improvements and interest to the plaintiffs and the rents to the defendants to strike the balance and report to court, etc., and by consent this was subsequently regarded as a final adjudication for the purposes of an appeal.

The amended return made after the sheriff went out of office is at best but *prima facie* evidence and when made near four years after the sale and the original levy, and conflicting both with the original return and sheriff's deed made in pursuance therof, and still making no return of appraisers or appraisement, and being unsustained by other evidence, we cannot say that the court erred in adjudicating that this was insufficient to overturn the original levy and recitals in the sheriff's deed, for the original return and sheriff's deed were made under sanctions of the official oath and quite as binding as the affidavit made to the amended return.

Wherefore the judgment setting aside the sale and sheriff's deed is *affirmed*, with directions to refer the case to the master to ascertain the state of accounts including purchase money, interest and improvements for the plaintiffs and rents for the defendants, and to secure any balance due the plaintiffs by lien on and sale of the property should the defendants fail to pay the same. The interest on the purchase price will be at the rates of ten per cent, as allowed by statute. The rents will be on the improvements as when appellants got possesion, and as they have had the use of their own expenditures neither rents nor interest will be allowed thereon.

*Sweeney & Taylor, James, for appellants.*
*Stirman, for appellees.*