### T. C. S. THOMAS *v.* S. S. SIZEMORE.

Injunction—Dissolution—Dismissal of Petition.
>     When, on the dissolution of an injunction by the lower court, the petition is dismissed, a Judge of the Appellate Court has no power to re-instate the injunction.

Principal and Surety—Limitation—Assignment of Judgment.
>     The assignment of a judgment on a note will not operate to arrest the running of the statute of limitations in favor of a surety, though the assignee may not have known that the creditor was not the principal in the note, but only a surety.

APPEAL FROM HENDERSON CIRCUIT COURT.

October 26, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

When the injunction was dissolved, the petition was dismissed, which made it a final judgment, and a judge of this court has no authority to reinstate an injunction when the case was finally disposed of.

It is clearly established by the evidence that appellant was only

the surety in the note upon which the original action was brought, and more than seven years having elapsed without suing out an execution on the judgment, was exonerated from the payment of the debt under the statute, 2 R. S., 400.

Nor can the fact that the judgment had been assigned to appellee who may not have known that appellant was not a principal in the note, prevent his exoneration, as was ruled by this court in *Day vs. Billingsley, 3 Bush, 157*.

Wherefore the judgment must be reversed, and the cause remanded with directions to render judgment perpetuating appellant's injunction, and for further proceedings consistent herewith.

*Vance, for appellant.*
*Sizemore, for appellee.*