## C. D. Bruce *v.* J. D. Carlisle, et al.

**Attachment—Levy and Sale—Ownership of Property Sold.**

A plaintiff who causes an attachment to issue and causes property to be sold not belonging to the defendant, which property the purchaser is required to surrender, is liable to such purchaser for the money paid for such property.

APPEAL FROM FAYETTE CIRCUIT COURT.

November 3, 1875.

Opinion by Judge Cofer:

The appellant sued Muir, and caused an attachment to be issued against his property, which was placed in the hands of the sheriff and levied upon a stallion as the property of Muir. Judgment was rendered against Muir, and the attachment was sustained, and the horse was ordered to be sold to satisfy the judgment; a sale was accordingly made, and the appellees became the purchasers of the horse, and paid to the appellant so much of the purchase price as was necessary to satisfy his judgment against Muir.

After the confirmation of the sale and the payment of the money to appellant, one Glass asserted claim to the horse, and the appellees surrendered him, and brought this suit to recover the money paid to the appellant; and judgment having been rendered in their favor, he has appealed.

The court instructed the jury, in substance, that if the horse was the property of Glass they should find for the plaintiffs, and whether that instruction was correct is the important question in this case.

Counsel for the appellant cites *M'Ghee v. Ellis & Browning,* 4 Litt. 245, decided by this court, and similar decisions by the courts of other states, in support of the position taken by him that the remedy of the appellees, if they have any, is against Muir or the sheriff. In *M'Ghee v. Ellis & Browning,* the sheriff, without the interference or knowledge of the plaintiff in the execution, levied upon and sold a slave belonging to one not a defendant in the writ, and took a sale bond, and returned the execution satisfied. The owner of the slave sued the purchaser and recovered the slave, and thereupon the purchaser filed his bill in equity to have his bond canceled. But the court held that the plaintiff in the execution having had no agency in the seizure and sale of the slave, and the return on the fi. fa. having barred his judgment and discharged his debtor, the purchaser must look to the defendant in the execution, whose debt he had paid, or to the sheriff, for indemnity.

But the doctrine of that case has no application to the facts of this case. It is true it does not appear that the appellant had any agency in levying the attachment; but he did have all agency in causing the horse to be sold. The attachment was levied and returned to court, and then there was an order for a sale of the horse,

and this must have been made at the appellant's instance; and he does not, therefore, stand in the favorable position in which McGhee stood in the case supra.

It was held in *Sanders v. Hamilton,* 3 Dana 550, that where the plaintiff in an execution is instrumental in causing it to be levied on goods which belong, not to the execution defendant, but to a third person, who asserts a better title and recovers his property from the purchaser, the latter may maintain his action against the plaintiff for indemnity, and the same principle was recognized in *Tucker, et al., v. Fogle,* 7 Bush 290.

Conceding that the appellant would not have been liable if the horse had been seized and sold under a fi. fa. without any participation on his part, it seems to us that he cannot be held not to have participated in the sale at which the appellees purchased. There would have been no sale without an order of the court or of a judge directing it to be made, and as the appellant must be taken to have procured such an order, it seems to us that the case falls within the rule in the cases last cited, and that the court did not err in instructing the jury.

The contract between the appellees and Glass was, we think, improperly admitted, and there may have been other illegal evidence which was allowed to go to the jury; but as there was nothing to contradict the testimony of Glass as to the ownership of the horse, except the possession of Muir, which was satisfactorily explained, the appellant was not prejudiced by the illegal evidence.

That the appellant's judgment against Muir appears on the record to have been satisfied, cannot furnish a sufficient reason for denying to the appellees the relief to which they are otherwise legally and equitably entitled. He may, probably, by appropriate proceedings, have that obstacle to the enforcement of his demand removed.

We perceive no error to appellant's prejudice, and the judgment is *affirmed.*

*Z. Gibbons, for appellant.    W. B. & G. B. Kinkead, for appellees.*