Case 41—MOTION—October 20.

# Bent v. Maupin, &c.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. MOTIONS.—The plaintiff in a proceeding by motion, having filed the notice duly served on the defendant, may, on the day specified therein, either make the motion in open court and cause it to be entered of record, or cause it to be placed on the motion docket; and whether he takes one course or the other, the motion is to be considered as regularly pending in court, and, like an action, may be continued without setting it for hearing on any particular day of the ensuing term. Nor can the failure of the clerk to enter it on the docket of the next term deprive the plaintiff of the right to call it up and have it tried.

2. EXECUTION SALES.—By statute the purchaser of land under an execution, though he be the plaintiff, may, in a proceeding by motion, have the sale set aside, if, upon the trial of such motion, it shall appear that the defendant had no title to the land.

3. SAME—LIMITATION.—Such a proceeding is not barred, if brought within a reasonable time, even if the period of ten years, provided by section 4, article 3, chapter 71, General Statutes, does not apply.

   The motion in this case was not barred, although more than two years had elapsed from the date of sale to the commencement of this proceeding.

CORNELISON & MITCHELL FOR APPELLANT.

1. An execution sale of land cannot be set aside on motion on the ground that the execution defendant had no title. (2 J. J. M., 292; Weiseger v. McClure.)

2. Motion to set aside sale under execution for fraud, covin or collusion must be made within one year from date of sale. (Gen. Stat., chap. 38, art. 15, sec. 1; Gen. Stat., chap. 38, art. 17, sec. 8; Rorer on Judicial Sales, secs. 602, 603, 694.)

L. APPERSON FOR APPELLEE.

1. When an execution has been returned without any satisfaction in fact, the execution plaintiff may have it quashed, that another execution may issue. (Offutt on Bank of Ky., 1 Bush, 166.)

2. The entry of motion on day of notice thereof is sufficient without a formal docketing. (Miller v. Boyd, 1 Dana, 272.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellees, John Maupin and the firm of Maupin & Orear, caused to be duly executed on the appellant Bent a notice in substance that, November 28, 1883, they would move the Montgomery Circuit Court to quash the levy and return on an execution issued from the office of the clerk of that court, directed to the sheriff of Carter county, in favor of Maupin & Orear, and also the *venditioni exponas* issued thereon, and return on the same, for the reason appellant, the defendant in the execution, had no interest whatever in the land sold under said writs, but it belonged to others. The motion was not decided at the term it was made, but at the June term, 1884, when judgment was rendered quashing and setting aside the levy and sale mentioned in the notice.

Mitchell & White, assignees of Maupin & Orear, and assignors of John Maupin, having, upon their own motion, been made parties plaintiffs in the proceeding, there was thereafter no defect of parties plaintiffs, and the special demurrer for that cause was properly over-ruled.

As appears from the bill of exceptions, the defendant objected to the consideration of the motion when called up during the June term, 1884, upon the ground it had not been placed upon any docket, and was, therefore, to be regarded as abandoned. The Civil Code, section 444, provides that the service of the notice shall be regarded as the commencement of the proceeding by motion. But while sections 348 and 351 require that all ordinary and all equitable actions *shall* be entered respectively on the common and on the

equity docket, the language of section 352 is that "on the motion docket *may* be entered any motion relating to proceedings in court." And by section 447 it is provided, that "unless the motion be made *or* entered on the motion docket on the day specified in the notice, it shall be considered as abandoned."

It seems to us, according to a fair construction of the Code, the plaintiff having filed the notice duly served on the defendant, may, on the day specified therein, either make the motion in open court and cause it to be entered of record, or place it on the motion docket; and whether he takes one course or the other, the motion is to be considered as regularly pending in court, and, like an action, may be continued without setting it for hearing on any particular day of the ensuing term. Such construction accords with the recognized practice in courts before the adoption of a Civil Code. (Miller v. Boyd, 1 Dana, 272.)

In this case, the motion having been made in court and noted on the record, the failure of the clerk to enter it on the docket of the next term did not, nor could deprive the plaintiff, of the right to call it up and have it tried.

The evidence in this case shows that the defendant Bent neither had, nor claimed to have, any interest in or title to the particular tract of land levied on and sold to satisfy the judgment of Maupin and Orear against him. But it is identified, by the description in the return on the execution, as the property of another, levied on and sold by mistake of the officer, without direction of the plaintiffs, though they are returned as the purchasers.

vol. 86—18

In such a case the plaintiffs, even if they are the purchasers, are certainly not without remedy. If they are, then the judgment stands satisfied without the debtor having paid any thing, or the creditor having received any thing. But in order to apply the remedy the proceedings under the execution must be quashed or set aside; for while they remain in force the creditor, as well as the debtor, is bound by them.

It seems to us, therefore, the only question is as to the form of remedy, for we have not found any case decided by this court where it has been held the purchaser, under circumstances like these before us, is wholly without remedy.

In the case of Edrington v. Harper, 5 J. J. M., 293, referred to by counsel, a *fieri facias* was levied at the request of the defendant on a tract of land which he claimed, and for which he exhibited a deed as evidence of his title; and upon the appeal from the judgment quashing the sale on account of alleged defect of title, it was held that fact alone would not invalidate the sale nor the sale bond so as to justify a quashal of them, or either of them, on motion, for the reason that title to land can not be thus incidentally tried, nor the right of the creditor thus irregularly delayed or embarrassed. It was not, however, there decided either that the purchaser was wholly without remedy, or the debtor unconditionally discharged from his indebtedness. Moreover, the issue in that case was between the purchaser and plaintiff in the execution. Here it is between the plaintiff, who purchased the land, and the defendant who does not claim to have any title to it.

In Brummel v. Hurt, 3 J. J. M., 709, the contest was

between the purchaser and plaintiff in the execution, who, by express order, directed property sold to satisfy his execution, which was not liable to sale, not belonging to the defendant. There it was held the plaintiff was responsible to the *bona fide* purchaser. But, said the court, "when the purchaser shall be relieved, the creditor will not be remediless. He may get clear of the effect of the return on the execution by motion to quash, or amend the return or otherwise by *scire facias*."

In Sanders v. Hamilton, 3 Dana, 550, it was held that the plaintiff in the execution, who was instrumental in causing the property of a stranger to be sold, and consequently liable to the innocent purchaser for the consideration paid, might relieve himself by moving the court to quash the return on the execution. And the same practice was in De Wolf v. Mallett, 3 Dana, 214, held to be proper and allowable.

In the case of Newman v. Hazlerigg, 1 Bush, 412, the following language was used : "The right of the plaintiff in an execution, which has been returned satisfied, to have the return quashed, so that another execution may be issued, when the return has been made without any satisfaction in fact to the plaintiff, has been repeatedly recognized by this court." In that case, after the sale of land of the debtor under execution, the plaintiff being the purchaser, the same was, in an action by other creditors, adjudged subject to sale under what is known as the act of 1856, 1 Revised Statutes, 553, whereby the plaintiff in the execution lost the benefit of his purchase ; and thereafter, having moved to quash and set aside the sheriff's return of sale, it was done. The rul-

.ing in that case was similar to what had been decided in another case at the same term of the court, and to the decision in the subsequent case of Tucker v. Fogle, 7 Bush, 290.

But it seems to us the proceeding had in this case and the judgment of the lower court is authorized by article 12, chapter 38, General Statutes. By section 9 of that article it is provided that the purchaser of land sold under execution and not redeemed, shall have the right, after obtaining a conveyance therefor, to enter a motion on the docket of the circuit court for judgment for the possession of the land, the proceedings on said motion to be the same as under chapter 6, title 10, Civil Code. And section 10, same article, provides, that "if, upon the trial of such motion, it shall appear that the defendant had no title to said land when sold under execution, the court shall have the power to set aside and quash the return of the officer, and award execution for the debt, as if no sale had been made."

It thus appears that by statute the purchaser, though he be the plaintiff, may, in a proceeding by motion, have a sale of land under execution set aside, if, upon the trial of such motion, it shall appear the defendant had no title to the land. And, therefore, it may be regarded as settled that by statute the purchaser of land under execution not only has his remedy against the debtor who may not have title to the land sold, but he may proceed by motion, and upon the trial of the motion the question of title may be determined.

Article 15, chapter 38, General Statutes, relates to sales made under execution by fraud, covin and collusion, and article 17 relates to the duties and liabilities

of certain officers therein referred to, and consequently neither applies in determining whether the motion in this case was barred by limitation.

It appears that more than two years elapsed from the date of sale in this case to the commencement of the proceeding; but as there is no statute fixing limitation in such a case, it is sufficient if, as held by this court in Davie v. Long, 4 Bush, 574, it is brought within a reasonable time, even if the period of ten years, provided by section 9, article 3, chapter 71, General Statutes, does not apply.

We are, however, satisfied the proceeding was not barred by time, and perceiving no error, the judgment of the lower court is affirmed.

Judge HOLT not sitting.