Vol. 129.] SEPTEMBER TERM, 1908. 489

Columbia Bldg. Loan & Savings Ass'n's Assignee v. Gregory, &c.

CASE 52.—ACTION BY THE COLUMBIA LOAN & SAVINGS ASSOCIATION'S ASSIGNEE AGAINST E. B. AND C. R. GREGORY.—September 29.

# Columbia Bldg., Loan & Savings Ass'n's Assignee v. Gregory, &c.

Appeal from Jefferson Circuit Court; Chancery Branch, (First Division).

SHACKELFORD MILLER, Judge.

From a judgment quashing an execution on a judgment for plaintiff, plaintiff's assignee appeals—Affirmed.

1. Husband and Wife—Wife as Husband's Surety—Discharge.— That a married woman might have pleaded coverture to defeat judgment on a note signed by her as her husband's surety does not prevent her from moving, under Ky. Stats. 1903, section 2548, providing that a surety shall be discharged under any judgment after seven years unless execution issues thereon, to quash an execution issued on a judgment obtained against both of them; the statute applying to all sureties.

2. Principal and Surety—Judgment Against Surety—Discharge.— Judgment having gone against a principal and his surety on a debt, it is immaterial to the surety's right under Ky. Stats. 1903, section 2548, providing that a surety shall be discharged from a judgment after seven years unless execution issues thereon, that the record does not show that he was only a surety in the debt.

3. Execution—Right to Quash.—A court, having inherent power over its own process, may quash an execution where it is issued after the time has elapsed within which it may be lawfully issued for after the judgment is satisfied, or when for any other reason it may not be enforced.

4. Same—Form of Remedy.—The proper remedy to quash process improperly issued is by motion; an audita querela having been the ancient remedy.

Columbia Bldg. Loan & Savings Ass'n's Assignee v. Gregory, &c.

5. Same—Validity—Procedure.—Whether property levied upon is subject to execution must be determined by action; but questions simply going to the validity of the process may be determined summarily on motion.

S. OPPINHEIMER and A. B. BENSINGER for appellant.

POINTS AND AUTHORITIES.

1. The judgment upon which execution was issued in this case, is upon its face valid for fifteen years, and cannot now be attacked by defendant showing she was a surety only. (Diering v. Veal, 78 S. W., 886; Moran v. Viceroy, 77 S. W., 668; Herring v. Johnson, 72 S. W., 793; Shanklin v. Moody, 66 S. W., 504; Howard v. Gibson, 60 S. W., 491; Renn v. Fahlin, 59 S. W., 746; Turner v. Gill, 49 S. W., 311.)

2. There is no authority for the motion to quash. (Hauns v. Cen. Ky. Lunatic Asylum, 103 Ky., 562; Chambers v. Garvin & Neal, 13 B. M., 256.)

3. That the remedy provided by law is to enjoin the levy and sale under execution.

4. That appellee being estopped to plead suretyship in an action to enforce the judgment, she is also estopped to rely on suretyship to avoid the execution issued on the judgment.

5. The judgment is a joint judgment on a joint obligation, and cannot be now modified or changed, especially upon an ex parti affidavit and motion to quash.

6. The statute invoked is a limitation statute, and can only be invoked by a plea. (Board v. Jolly, 5 Bush, 86.)

7. The entire proceeding is without authority, and is an attempt by indirection to do what cannot be done directly.

GREGORY & McHENRY for appellee.

Section 2548, Kentucky Statutes, makes the limitation in favor of a surety on a judgment seven years in all cases. The question as to whether appellee was principal or surety was not in issue or litigated. The defense, now interposed, did not arise until after the judgment had been rendered and could not of course have been pleaded. It is clear upon the undisputed facts that this appellee was the surety only on the note sued on, that more than seven years before the execution was issued and therefore the judgment against her was barred by limitation and the execution was properly quashed.

Columbia Bldg. Loan & Savings Ass'n's Assignee v. Gregory, &c.

### AUTHORITIES CITED.

8 Ency. Pleading & Practice, 465; Noe v. Congress, 6 J. J. Mar., 514; Miller v. Anderson, Littell Select Cases, 169; 11 A. & E. Enc. Law, 2 ed., 716; Amyx v. Smith, 1 Met., 529; Hans v. Cent. Ky. Asylum, 103 Ky., 562; Chambers v. Neal, 13 B. Mon., 256; Ky. Stats., sec. 2548; Bray v. Howard, 7 B. Mon., 383; Craig v. Gresham, 12 B. Mon., 4041; Bank v. Patterson, 2 B. Mon., 378; 27 A. & E. Enc. Law, 520; Nunn v. Pedigo, 6 Ky. Law Rep., 743; Apperson v. Bank, 7 Ky. Law Rep., 153; Chapeze v. Young, 87 Ky., 476; Bank v. Gaines, 87 Ky., 597; Youtsey v. Kuntz, 22 Ky., Law Rep., 1520; Craddock v. Lee, 22 Ky. Law Rep., 1653.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

A judgment was rendered on February 19, 1898, in Jefferson circuit court in favor of the Columbia Building Loan & Savings Association against C. R. Gregory and E. B. Gregory. No execution was issued on the judgment until July 12, 1907. An execution having been issued, E. B. Gregory entered a motion in the court to quash the execution upon the ground that she was only a surety in the debt for which the judgment was rendered, and that no execution had issued upon the judgment within seven years. The court sustained the motion, and the association's assignee appeals.

Section 2548, Ky. St. 1903, is as follows: "A surety shall be discharged from all liability under any judgment or decree, after the lapse of seven years without any execution issued thereon, and prosecuted in good faith for the collection thereof." The record clearly shows that E. B. Gregory received no part of the consideration, and was only the surety of her husband on the note for which the judgment was rendered. It is true that she might have pleaded her coverture, and defeated a judgment on the note; but the fact that

she did not make this plea does not deprive her of the rights which any other surety would have if execution is not issued within seven years. The statute applies to all sureties and it is not material that the record does not show that the defendant is only a surety in the debt. It is the fact of suretyship that controls in the case of a judgment, just as the fact of suretyship controls in a suit on a note, although the note does not show that the person is surety. Day v. Billingsly, 3 Bush, 157.

The court has inherent power over its own process, and may quash it where it is issued after the time has elapsed within which it may be lawfully issued, or after the judgment is satisfied, or when for any other reason it may not be enforced. Woolley v. Louisville, 118 Ky. 897, 82 S. W. 608, 26 Ky. Law Rep. 872; 1 Freeman on Judgment, section 77; Garvin v. Neal, 13 B. Mon. 256. The proper remedy, where process has been improperly issued, is by motion to quash it. An audita querela was the ancient remedy, but the practice now is to grant summary relief upon motion in cases of this sort. The case of Hauns v. Central Kentucky Asylum, 103 Ky. 562, 20 Ky. Law Rep. 240, 45 S. W. 890, involved the question whether the property levied upon was subject to levy and sale. It did not involve the validity of the process. Whether the property levied upon is subject to the execution must be determined by action; but questions which simply go to the validity of the process may be determined summarily on motion. The process here, having been issued after the time allowed by law for that purpose, was properly quashed. 17 Cyc. 1154-1156; Noe v. Conyers, 6 J. J. Marsh. 514.

Judgment affirmed.