## Park Hill Realty Co. v. Lykins.

March 27, 1942.

Chas. M. Russell for appellant.

A. W. Mann for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appeal is from an order overruling a motion to quash a sheriff's return on an execution. A default judgment on a promissory note for $5,000 was rendered by the Boyd circuit court in January, 1935, in favor of B. E. Lykins against the Park Hill Realty Company and two individual sureties. An execution issued on August 30, 1935, and same was returned to the clerk's office with the certificate of the officer that it had been executed by a levy upon certain described lots located in Ashland as the property of the defendant, Park Hill Realty Company, on October 4, 1935. The return is signed, "A. J. Buckley, S. B. C., by J. E. Apple, D. S." Lis pendens notice had been filed in the office of the county court clerk on August 8, 1936. In November, 1939, the Park

Hill Realty Company filed a motion to quash the return on the execution upon the ground that it was never levied on the property described as reported to have been done and that the return was a forgery. Supporting the motion was an affidavit by J. E. Apple, former deputy sheriff, whose name was signed to the return, that he did not levy the execution and did not sign the return thereon or authorize anyone else to sign the same for him; that the purported signature was not his own. The court overruled the plaintiff's motion to strike the motion to quash the return. The case was then submitted on the motion to quash and it was overruled, "the court having considered the same upon affidavit of J. E. Apple and the certified copy of the lis pendens notice and the return of the execution."

A motion to quash an execution is an appropriate procedure where the attack goes to the validity of the process itself, as where it is claimed to have been improperly issued, since the court has inherent power over its own processes. Columbia Building, Loan & Savings Association's Assignee v. Gregory, 129 Ky. 489, 112 S. W. 608. It has been said that where the question relates to something extrinsic of the record, as whether the property levied on is the subject of levy and sale, it must be presented by an action. Hauns v. Central Kentucky Asylum, 103 Ky. 562, 45 S. W. 890; Columbia Building, Loan & Savings Association's Assignee v. Gregory, supra. But where there was a series of improper orders and steps in relation to an execution, levy and sale, it was held in Pinson v. Murphy, 220 Ky. 464, 295 S. W. 442, 443, that the entire matter could be disposed of by a motion to quash. In this case the return on the execution was prima facie evidence of its genuineness and of proper procedure. Sweeney & Taylor v. Mill, 3 Ky. Op. 570; McBurnie v. Overstreet, 8 B. Mon. 300, 47 Ky. 300; Commonwealth, Thompson's Heirs v. Jackson, 10 Bush 424, 73 Ky. 424. Indeed, by statutory decree absolute verity is imported into an officer's return and it may not be called in question except in a direct proceeding against the officer or his sureties and upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer. Section 3760, Statutes; Kitchen, Whitt & Company v. Fannin, 273 Ky. 62, 115 S. W. (2d) 325. However, that section applies only to a certificate actually signed by the officer and not to a forged paper, which is a nullity and is no certificate. Atkins' Guardian

.v. McCoy, 275 Ky. 117, 120 S. W. (2d) 1019. It was held in that case that a petition was good on demurrer which attacked both a deed and the certificate of an officer purporting to have taken the grantor's acknowledgment as being a forgery although the petition was not against the officer or his sureties, it appearing on the first appeal of that case (263 Ky. 846, 93 S. W. (2d) 839) that he was dead. It was held, however, that it must first be alleged and proved that the certificate was a forgery before the way would be open to attack the deed under a plea of non est factum. Therefore, the question of the return on the execution being forged may be raised by a method other than by a direct proceeding against the officer. The motion to quash in this case, however, could well be said to be a proceeding against the party benefited by the officer's certificate although the execution plaintiff is not charged with fraud. If a motion to quash a return on an execution upon the ground of forgery contains all the elements of a good petition, and notice to interested parties has been given if the case has been removed from the docket, we see no reason why, as a practical matter, that procedure should not be followed. See Downing v. Brown, Hardin 181, 3 Ky. 181; Sanders v. Hamilton, 3 Dana, 550, 33 Ky. 550; Newman v. Hazelrigg, 1 Bush 412, 64 Ky. 412. This is so because a motion is recognized as quite a formidable weapon of attack. It is an application for an order, and far-reaching judgments of certain classes may be rendered summarily on a motion. Sections 444, 623, Civil Code of Practice.

In the instant case if the motion to quash the return of the execution be deemed sufficient as a pleading, the only evidence presented was the original document and the original lis pendens notice, together with the affidavit of the officer that he had not signed the return and had not levied it as therein declared. Clear and convincing evidence is required to prove that a judicial process or its execution, regular on its face and following a regular and natural course of procedure, is a nullity. The original papers have been brought to this court for our inspection and comparison of the signatures on the return and the affidavit. We think the court upon that record properly overruled the motion to quash the return.

Judgment affirmed.