Ramon L. HOWARD, Appellant,

v.

Paulie MILLER, in his official capacity as Chief Clerk of Jefferson Circuit Court; Don Cetrulo, in his official capacity as Director of the Administrative Office of the Courts, et al., Appellees.

Supreme Court of Kentucky.

Feb. 28, 1985.

Ellen G. Friedman, Everett C. Hoffman, Legal Aid Society, Inc., Louisville, for appellant.

Jean Collier, Administrative Office of the Courts, Martin Glazer, William L. Davis, Asst. Attys. Gen., Frankfort, Michael Greene, Louisville, for appellees.

GANT, Justice.

The United States District Court for the Western District of Kentucky, Hon. Charles M. Allen, Chief Judge, has certified the following question of law to this court, pursuant to CR 76.37(1):

549

When a judgment debtor wishes to assert an exemption to execution and levy, may he file a motion under CR 60.02, or must he file a completely separate and distinct new action, or is there any other legal process or statute by which he may obtain a prompt hearing?

Kentucky has not faced this issue since the demise of our former Civil Code of Practice on July 1, 1953, and its replacement by the Kentucky Rules of Civil Procedure. We are cognizant of our cases prior to that date which held that a party desiring to contest the execution and levy on specific property was compelled to bring an original action and was precluded from proceeding by motion in the action from which the execution and levy originated. *See Park Hill Realty Company v. Lykins*, 290 Ky. 498, 500, 161 S.W.2d 602 (1942); *Columbia Building Loan & Savings Ass'n's Assignee v. Gregory*, 129 Ky. 489, 492, 112 S.W. 608 (1908); *Hauns v. Central Kentucky Lunatic Asylum*, 103 Ky. 562, 45 S.W. 890 (1898), and *Hope v. Hollis*, 5 Ky.L.Rep. 321 (1883).

The rationale behind these cases was succinctly stated in *Hauns, supra*, when the court stated:

> We have examined with care the different provisions of the *Code of Practice* in regard to motions and summary proceedings, and the relief authorized to be obtained on motion, and fail to find any provision authorizing the action taken by the court in the case at bar. Ibid. 103 Ky. 567, 45 S.W. 891.

Thus, the requirement of the previous cases for an original action was based, quite simply, on the fact that the former Civil Code of Practice contained no provision for motion practice in this situation. Under our Rules of Civil Procedure, there remains no such vacuum. Judgment debtors are provided with adequate and prompt remedies under our rules for post judgment relief, such as allegations of improper execution and seizure. CR 7.02, CR 59.05, CR 60.02, CR 62.01.

CR 62.01, in part, states as follows:

> A motion ... to alter, amend or vacate a judgment made pursuant to Rule 59, ... shall operate to stay the execution of or any proceedings to enforce a judgment pending the disposition of any such motion.... In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for relief from a judgment or order made pursuant to Rule 60 ...

In answer to the request for certification, the law in Kentucky is that a judgment debtor may file a motion under CR 60.02 in the action in which he acquired such status if he desires to assert an exemption to execution and levy.

The law is so certified.

All sitting except LEIBSON, J.

STEPHENS, C.J., and AKER, GANT, STEPHENSON and WINTERSHEIMER, JJ., concur.