CASE 80.—ACTION BY JENNIE A. GARDNER AND OTHERS
        AGAINST THE BANK OF CERULEAN SPRINGS
        AND OTHERS.—Sept. 30, 1909.

# Bank of Cerulean Springs, &c. v. Gardner, &c.

Appeal from Trigg Circuit Court.

THOS. P. COOK, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Reversed.

1. Pledges—Foreclosure—Notice—Publication—Statutes.—Ky. St.
   Sec. 14a provides that, in addition to other notices, all judicial
   sales shall be advertised in some newspaper published in
   the county unless the appraised value of the property is less
   than $100. Held, that such section was applicable to the
   sale of a land note assigned as collateral security for a loan
   and ordered sold by a foreclosure decree.

2. Pledges — Foreclosure — Insufficient Publication—Judgment—
   Vacation.—That a judgment foreclosing a pledge of a certain
   land note authorized a sale thereof after advertisement by
   written handbills posted within the county, and did not re-
   quire publication of notice in a newspaper as provided by
   St. Sec. 14a, did not make the judgment void, but voidable
   only on exceptions regularly filed thereto, or in a suit to set
   the same aside for fraud or unavoidable casualty or misfor-
   tune, preventing the filing of exceptions as provided by Civ.
   Code. Prac. Sec. 518, subsecs. 4, 7.

3. Pledges—Vacation—Fraud—Unavoidable Casualty or Misfor-
   tune.—A petition for the vacation of a judgment directing the
   sale of collaterals charging that the judgment was erroneous,
   in that it failed to direct the advertisement of the sale in a
   newspaper published in the county and that the collateral
   was of a value of more than $100, to wit, $600, but that by
   fraud or mistake it was ordered sold without being adver-
   tised or appraised as required by law and without plaintiff's
   knowledge did not charge facts sufficient to entitle plaintiff
   to the vacation of the judgment for fraud, casualty or unavoid-
   able misfortune.

4. Appeal and Error — Reversal — Remand—Pleading—Amendment.—Where, on appeal from a decree setting aside a judgment for the sale of collaterals, the court held that the sale was void, and that plaintiff's petition was insufficient to justify a vacation of the decree for fraud, unavoidable casualty, or mistake, plaintiff, on remand, would be permitted to amend.

CRENSHAW & SON for appellants.

JOHN F. KELLEY for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

On February 20, 1906, R. F. Wade executed to appallant Bank of Cerulean Springs his promissory note for the sum of $100, with appellee Jennie A. Gardner as surety.  To secure the payment of the note aforesaid, appellee deposited with appellant bank a $600 land note, which had formerly been executed by R. F. Wade to Mrs. J. G. Gardner, and transferred by her to appellee on February 14, 1906.  On January 13, 1908, appellant Bank of Cerulean Springs instituted an action against R. F. Wade and Jennie A. Gardner, who was then Jennie A. Wade on said note of $100, and asked for a sale of the $600 land note which had been deposited as collateral security with the bank.  Upon the failure of the defendants to answer and make defense, judgment was awarded against them by default on January 29, 1908.  The judgment directed that the $600 land note be sold by the master commissioner of that court, after advertisement by written handbills posted in front of the courthouse door in Cadiz, Ky., and three other public places, at least 10 days before the date of the sale. Pursuant to the judgment of the court, the sale was advertised and the note sold on March 9, 1908, and the Bank of Cerulean Springs, plaintiff in this ac-

tion, became the purchaser for the sum of $125.35, the amount of its debt, interest, and costs. The sale was duly reported by the master commissioner at the following term of the court, and left open for exceptions. No exceptions being filed thereto, the court on May 24, 1908, confirmed the sale and ordered the note to be transferred by the commissioner to the purchaser, and further directed that the cause be stricken from the docket.

The note was tranferred to the bank, and thereafter sold and transferred to appellant, R. M. Wooldridge. This action was instituted in the Trigg Circuit Court on the 3d day of June, 1908, by Jennie A. Gardner, formerly Jennie A. Wade, for the purpose of setting aside the judgment of the Trigg Circuit Court rendered on the 29th day of January, 1908, and the sale of the $600 land note, made in pursuance to said judgment.

The petition charges that said judgment was erroneous, in that it failed to direct the advertisement of the collateral securities held by the Bank of Cerulean Springs in the Cadiz Record a weekly newspaper published in Trigg county and the paper having the largest circulation of any paper published therein, as required by law, that said note was of the value of more than $100, being of the value of $600, but that by fraud or mistake the same was ordered sold by the judgment without being advertised or appraised, as required by law, and without knowledge of plaintiff Jennie A. Gardner. The petition also charges that the judgment referred to is erronous and defective, and that the sale thereunder passed no title to the purchaser. The Bank of Cerulean Springs defended on the ground that Jennie A. Gardner was a party defendant to the original suit, and was bound by the

orders therein entered; that she failed to file any exceptions to the report of sale; that, if the judgment was erroneous, she should have moved to set the same aside, and, if said motion was not sustained, she should have appealed to this court.

On June 6, 1908, R. M. Wooldridge, to whom the $600 and note in question had been assigned, instituted an action in the Trigg Circuit Court to recover thereon and enforce his lien upon the land securing the note. The defendant in that action, R. F. Wade, answered, setting up substantially the same facts as were set up by Jennie A. Gardner in her action against the Bank of Cerulean Springs, thus putting in issue the ownership of the note. The two cases above referred to were consolidated, and upon the hearing thereof the court entered a judgment directing that the order approving the sale of the $600 land note and the further order directing the master commissioner to transfer and assign said note to the Bank of Cerulean Springs be set aside and held for naught. From this judgment the Bank of Cerulean Springs and R. M. Wooldridge prosecutes this appeal.

The statute with which it is claimed the order of sale did not comply is section 14a, Ky. St., and is as follows:

"That in addition to the notices now required by law to be posted all public sales of any kind of property, when sold under execution, judgment or decree, shall, unless otherwise agreed upon by the parties to such execution, judgment or decree, be advertised in some newspaper published in the county of such sale, if any newspaper be therein published at least once a week for three consecutive weeks next preceding the day of sale: Provided, that in counties

where there is a daily newspaper published or in general circulation, publication of such notice of sale for three consecutive days next preceding the day of sale shall be sufficient. The advertisement shall state the time, place and terms of sale and shall give a description of the property to be sold: Provided, that the newspaper advertisement herein provided for shall not be necessary where the appraised value of the property to be sold is less than one hundred dollars, to be ascertained by appraisement in each case as now provided by law."

There can be no question that the above section applies to property of the kind sold under the judgment in question. By its express terms it applies to any kind of property when sold under execution, judgment or decree. However, the trial court erred in holding that the judgment of sale was void because it did not direct that the property be advertised in conformity with the statute.

We have carefully examined the decisions of this court, and, while it has been frequently held that a failure to follow in a material particular the statutes regulating the sale of property is ground for setting aside the sale, where exceptions are regularly filed thereto, it has never been held that such failure renders the judgment void. We therefore conclude that, inasmuch as the court had jurisdiction of the parties and of the subject-matter, the judgment was simply erroneous, and such as should have been set aside upon proper exceptions being filed. If such exceptions had been filed and the trial court had declined to set the judgment aside, such refusal would have been ground for reversal by this court. As the judgment is not void, and as appellee failed to file exceptions, her only mode of relief now is to proceed un-

der section 518 of the Civil Code of Practice. She can do this by alleging and proving facts showing that fraud was practiced by the appellant in obtaining the judgment in question, as provided by subsection 4, or unavoidable casualty or misfortune that prevented her from appearing and defending by filing exceptions to the report of sale in the original action brought by appellant as provided by subsection 7. Her petition in the case before us is not sufficient to enable her to avail herself of the above grounds of relief. Upon the return of the case, the court will permit appellee to amend her petition if she so desires.

Judgment reversed and cause remanded for proceedings consistent with this opinion.