CASE 7.—ACTION BY J. MAC. COTTON'S EXECUTRIX AGAINST B. F. COTTON.—December 17, 1909.

## Cotton v. Cotton

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

From an order quashing an execution sale, the plaintiff appeals.—Affirmed.

1.  Execution—Sale—Vacating—Irregularities Affecting Sale.— An execution sale not advertised as required by Ky. St. Sec. 14a (Russell's St. Sec. 24), will be set aside on timely motion.

2.  Execution—Sale—Vacating—Proceedings—Time.—A motion to set aside an execution sale, filed before proceedings to enforce the lien acquired by the purchaser, is in time.

3.  Execution—Sale—Bids.—In selling incumbered land on execution under Ky. St. Sec. 1709 (Russell's St. Sec. 136), giving the purchaser simply a lien and permitting the debtor to redeem by paying the original incumbrance with legal interest,, and by paying the purchaser his purchase money with 10 per cent. interest, the sheriff cannot receive a bid

in excess of the debt. interest, and costs, as provided by section 1675 (Russell's St. Sec. 128), which applies only to sales where the property is not susceptible of division and the title passes to the purchaser.

4.    Execution—Sale—Bids.—Where incumbered property susceptible of division is sold on execution under Ky. St. Sec. 1709 (Russell's St. Sec. 136), the highest price is a bid to pay the debt, interest, and costs, and take the least number of acres, and the bidding on this basis should begin by asking for the lowest bid.

J. A. SULLIVAN and T. M. WALLACE for appellant.

GRANT E. LILLY for appellee.

OPINION OF THE COURT BY WM ROGERS CLAY, COMMISSIONER—Affirming.

J. Mac Cotton's executrix obtained a judgment against B. F. Cotton. On June 13, 1908, execution was issued thereon, directed to the sheriff of Madison county. The execution was for the sum of $2,228.80, with interest from December 15, 1903, subject to a credit of $741.60, with interest from the same date. This amount was exclusive of costs and commissions. Upon receipt of the execution the sheriff proceeded to levy the same upon a tract of land, containing about 74 acres, as the property of B. F. Cotton. The sheriff thereupon advertised the property for sale on July 6, 1908, that being a regular county court day. The advertisement was in all respects as required by law, except that he failed to advertise in any newspaper. The property in fee was appraised at $3,300. Before the sale was had, it was found that the property was subject to a prior mortgage in favor of Curtis F. Burnam, which, at the time of the sale, amounted to about $2,007. As defendant (Cotton's) wife was living, the property was also subject to her contingent right of dower therein. The

land was offered for sale by the sheriff subject to the mortgage debt and the contingent right of dower of the defendant's wife. The property was sold to W. H. Hendred for $2,350, for which amount he executed the required bond. This sale realized about $221 more than was necessary to satisfy the execution.

On November 18, 1908, the defendant, B. F. Cotton, served notice upon the plaintiff in execution that he would, at the coming February term, 1909, of the Madison circuit court, move to set aside the sale. Thereafter, on February 3, 1909, he filed his motion to quash the execution sale upon two grounds: (1) The land sold was not advertised as required by law. (2) The land was sold in gross, and for more than plaintiff's debt. A general demurrer was filed to each of said grounds and overruled. Thereupon evidence was adduced by both parties. The court ordered the sale set aside for the reason that the property was not advertised as required by law, and for the further reason that the sheriff realized on said sale more money than was necessary to satisfy plaintiff's debt, interest, and costs, subject to the lien debt and interest of Curtis F. Burnam. The motion and grounds for a new trial were overruled, and J. Mac Cotton's executrix appeals.

Section 14a, Ky. St., is as follows: "That in addition to the notices now required by law to be posted all public sales of any kind of property, when sold under execution, judgment or decree, shall, unless otherwise agreed upon by the parties to such execution, judgment or decree, be advertised in some newspaper published in the county of such sale, if any newspaper be therein published at least once a week for three consecutive weeks next preceding the day of sale: Provided, that in counties where there is a

daily newspaper published or in general circulation, publication of such notice of sale for three consecutive days next preceding the day of sale shall be sufficient. The advertisement shall state the time, place and terms of sale and shall give a description of the property to be sold: Provided, that the newspaper advertisement herein provided for shall not be necessary where the appraised value of the property to be sold is less than one hundred dollars, to be ascertained by appraisement in each case as now provided by law.''

In considering this statute this court held, in the case of Bank of Cerulean Springs et al v. Gardner et al., 121 S. W. 608, that a failure to comply with the statute did not render the judgment of sale void, but was ground for setting aside the sale where exceptions were properly filed thereto. That being the case, it follows that, where the sale is not made under a judgment of court, but in pursuance of an execution, the failure to advertise the property as required by the statute is ground for setting aside the sale, where motion is made for that purpose within the proper time. In the case before us the purchaser had taken no steps to enforce his lien at the time of the filing of the motion, and we, therefore, conclude that the motion to set aside the sale was made in time, and the court properly held that the sale should be set aside for the reason mentioned.

We likewise conclude that the second ground relied upon by the court for setting aside the sale was sufficient. The property in question was incumbered. The sheriff made the sale under section 1709, Ky. St. Under that section the purchaser does not acquire title to the property. He simply acquires a lien on the property for the purchase money and interest at

the rate of 10 per cent. per annum from the day of sale until paid. By that statute the defendant in execution may redeem the property sold by paying the original incumbrance with legal interest thereon and by paying the purchaser his purchase money with 10 per cent. per annum interest thereon. In making a sale under section 1709, the sheriff can not receive a bid in excess of the debt, interest, and costs; if he could it would require the defendant to pay 10 per cent. interest on the excess in order to redeem the property.

Counsel for appellant contend that the action of the sheriff in receiving a bid in excess of the debt, interest, and costs is authorized by section 1675, Ky. St., which provides that, if the property is sold for cash in hand, any excess after satisfying the execution, charges and commissions shall be paid over by the officer to the defendant whose property is sold. That section, however, has no application to sales made as provided by section 1709; it applies only to sales where the property is not susceptible of division, and the title passes by virtue of the sale. As stated before, the purchaser under section 1709 acquires no title, but simply a lien.

But it is insisted by counsel for appellant that it was the duty of the sheriff to sell the property for the highest price. That is true, but, where property is susceptible of division and is sold under section 1709, the highest price is a bid to pay the debt, interest, and costs and take the least number of acres. The sheriff and one other witness claim that the sheriff asked for a bid to pay the debt and take a less number of acres than the whole tract. This, however, is denied by witnesses for appellee. But taking the statement

of the sheriff as true, it nevertheless appears that he began the bidding at the wrong place; in other words, he first asked for the highest bid instead of the lowest bid.   He should have asked who would take the land and pay the debt, interest, and costs.   Upon receiving a bid on that basis he should then have asked who would take a number of acres less than the whole tract and pay the debt, interest, and costs, and so on until he received the highest bid on this basis.   In the event that he could not get a bid for the land on the basis of taking the land and paying the debt, interest, and costs, he should then have sold it for what he could have gotten for it, even though it was less than the debt, interest, and costs.   Under no circumstances, however, should he have received a bid in excess of the debt, interest, and costs.

We, therefore, conclude that the action of the trial court in setting aside the sale was proper.   Upon the return of the case, appellant may have the property resold as herein directed.

Judgment affirmed.