## Durham v. Farmers' Bank & Trust Company.

(Decided February 23, 1926.)

### Appeal from Nelson Circuit Court.

1. Execution—Affidavit Required for Issuing Execution to Another County Held Sufficient, Notwithstanding Affidavit had Been Lost or Mislaid (Ky. Stats., Sections 1656, 1656-1).—Where affidavit of attorney for judgment creditor, in accordance with Ky. Stats., section 1656-1, that defendant had not sufficient property in county in which he resided to satisfy judgment was made and handed to deputy clerk of circuit court, execution to another county was authorized under that section and section 1656, though affidavit had since been lost or mislaid.

2. Execution—Judgment Creditor, Presenting Affidavit to Deputy Clerk for Execution to Another County, Not Required to See that it was Indorsed on Records (Ky. Stats., Sections 1656, 1656-1).— When attorney for judgment creditor presented affidavit for execution to another county, and requested deputy clerk to file it, under Ky. Stats., section 1656, as modified by section 1656-1, creditor was not required to see that clerk made indorsement on office records.

OSSO W. STANLEY, J. B. PAXTON, GEORGE D. FLORENCE and J. S. OWSLEY for appellant.

C. T. ATKINSON and J. S. BARLOW for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellees, Farmers' Bank & Trust Company, et al., obtained a judgment in the Nelson circuit court against appellant, George W. Durham, and Thomas J. Smith, for the sum of $5,333.34, in March, 1922. Smith satisfied the bank, and execution was issued in the name of the bank for his use and benefit, directed to the sheriff of Lincoln county, commanding him that of the estate of George W. Durham he cause to be made the sum of $5,333.34, with interest and certain named costs, which execution was

by the sheriff of Lincoln county levied upon the interest of appellant, Durham, in a certain tract of land on Dix river in Lincoln county. The lien thus created was duly noted and recorded in the office of the clerk of the Lincoln county court so as to constitute constructive notice to purchasers. Thereafter the land was sold by Durham at public auction, a public announcement being made before the sale and in the hearing of Smith, the beneficiary in the execution, to the effect that there were no liens or other claims against the land save one to an insurance company. The execution bearing the return of the officer, levied upon the Lincoln county land, was duly returned to the office of the clerk of the Nelson circuit court and there entered of record. After this was done appellant, Durham, entered motion in the Nelson circuit court to quash the execution and the return thereon, and as ground for his motion stated that "prior to the issual of the execution of *fieri facias* and the delivery of same to the sheriff of Lincoln county for execution by levying same on said land, no such execution had been previously issued on said judgment by the clerk of the Nelson circuit court, in which county said judgment was rendered, directed to the sheriff of Nelson county for execution, and neither the plaintiff in said execution nor its agent or attorney, prior to the issual of the aforesaid execution, had made an affidavit and filed same with the Clerk of the Nelson circuit court stating that the defendant in the judgment upon which said execution was issued had not sufficient property in Nelson county, the county in which said judgment was rendered, nor in the county in which he resided to satisfy the same, subject to execution. The said George W. Durham, the defendant in the judgment on which said execution was issued, did not reside in Lincoln county, Ky., at the time said judgment was rendered nor did he reside in that county at the time said execution was issued, nor did he reside in that county at the time said execution was levied by the sheriff of Lincoln county."

By section 1656, Kentucky Statutes, it is provided:

"No execution shall issue to any other county than that in which the judgment was rendered, or that in which the defendant resides, until execution has issued to one of the counties named, and has been returned by the proper officer no property found, as to all or part thereof."

The foregoing section is modified by section 1656-1, which reads:

"This section is not to apply when the plaintiff, his agent or attorney, shall make affidavit and file the same with the clerk of the court in which the judgment was rendered, stating that the defendant in the judgment has not sufficient property in the county in which the judgment was rendered, nor in the county in which he resides, to satisfy the same, subject to execution. Upon filing such affidavit, execution shall issue to any or as many counties as the plaintiff may direct."

In response to the motion of appellant, Durham, to quash the execution and return thereon, the bank filed its verified answer by which it denied that it had failed to make and file the affidavit required in section 1656-1, above copied; and further denied that it had failed to cause an execution to issue against the appellant Durham in Nelson county and to have said execution returned by the proper officer, in effect no property found as to all or part of the debt, as provided in section 1656; further pleading the bank affirmatively averred that its attorney, C. T. Atkinson, of the Nelson county bar, was the attorney of the plaintiff in that action, and "that it said attorney, C. T. Atkinson, before the issual of said execution, prepared, signed and swore to an affidavit, wherein he stated in substance that the G. W. Durham, the defendant in the judgment upon which said execution was issued had not sufficient property in Nelson county, the county in which the judgment was rendered, nor in the county in which he resided, to satisfy the judgment in said action, and that he filed same with the clerk of the Nelson circuit court by delivering same to W. J. Dalmazzo, who was at said time the regularly appointed, duly qualified and acting deputy clerk of the Nelson circuit court, and requested the said W. J. Dalmazzo as deputy clerk to file said affidavit, which was done and to issue said execution and same was issued by him and delivered to said C. T. Atkinson, its attorney, and by him forwarded to the sheriff of Lincoln county with directions to levy same upon the land in said county belonging to G. W. Durham, the defendant in said execution, and while said execution was in full force, same was levied on March 27th, 1922, by the sheriff of Lincoln county on the lands of the execution defendant described in said

motion, and said execution was duly returned by said sheriff to the clerk of the Nelson circuit court.''

The averments of the response were supported by the affidavit of J. Smith Barlow, attorney, of Bardstown, who stated he was in the office of Atkinson and saw and read the affidavit prepared by Atkinson and that Atkinson took the affidavit and went in the direction of the office of the clerk of the Nelson circuit court and after a short time returned to his own office with the execution mentioned in the motion and the said execution was in the handwriting of the deputy clerk, Dalmazzo.

In support of his motion to quash the execution and the return thereon appellant, Durham, filed his own affidavit and that of the clerk of the Nelson circuit court and several others to prove that the record of the office of the clerk of the Nelson circuit court did not show that an affidavit had been filed in pursuance to section 1656-1, and it is admitted that a search of the office of the clerk of the Nelson circuit court does not disclose such an affidavit. It is, however, shown that the deputy clerk, Dalmazzo, is now dead, and by stipulation it is shown that the execution mentioned in the motion was in the handwriting of that deputy clerk. It is, therefore, the contention of appellee that the affidavit required by section 1656-1 was duly prepared and filed by Atkinson as attorney for the bank, but that it has since been lost or mislaid; that notwithstanding this appellee insists that it fully complied with the requirements of the statute, and that the execution should not be quashed even though the affidavit cannot be found in the office of the clerk since it has been shown that it was actually filed as required by the statutes. It is further contended that as the response of appellee bank and Smith to the motion to quash was not traversed either by pleading, affidavit or by orders of court, it must be accepted as true. The lower court upon this record overruled the motion to quash the execution and to quash the return of the officer on the execution and it is from that order that this appeal is prosecuted. Reading the two sections of the statute together, 1656 and 1656-1, we find the substance to be that no execution shall issue to any county other than that in which the judgment was rendered and in which the defendant resides until an execution has issued to one of the counties named—that is, the county in which the judgment was rendered or the county of his residence —and has been returned by the proper officer in sub-

stance "no property found," unless the plaintiff in the
execution by himself, agent or attorney shall make affi-
davit and file the same with the clerk of the court in
which the judgment was rendered, stating that the de-
fendant in the judgment has not sufficient property in
the county in which the judgment was rendered nor in
the county of his residence, to satisfy the execution,
whereupon the clerk shall issue execution to any other
or as many counties as the plaintiff may direct. In
other words, the clerk is not permitted by section 1656
to issue an execution to any county save that in which
the judgment debtor lives or in which the court sits until
the affidavit provided for by section 1656-1 has been
made and filed with the clerk of the court rendering the
judgment, and when such affidavit is filed the clerk may
issue execution to any or as many counties as the plain-
tiff in the execution may request even though no execu-
tion has theretofore been issued to the county of the
residence of the defendant in the execution or to the
county in which the court sat that rendered the judgment.
The affidavit is required in lieu of the return of the
"proper officer" mentioned in section 1656, and it is
plain that either the plaintiff himself or his agent or at-
torney may make the affidavit and file it with the clerk.
As the bank, a corporation, must act through its agent,
attorney Atkinson, representing the bank, fulfilled the
requirements. One cannot read the affidavits filed with
the record without reaching the conclusion that the affi-
davit was duly made and filed with the deputy clerk in
charge of the office of the clerk of the Nelson circuit court
before the issual of the execution, directed to the sheriff
of Lincoln county. The statute does not require the
clerk to make a minute or notation on his record of the
filing of the affidavit, but only requires the affidavit to be
filed in his office. No one but his deputies, save the clerk,
had authority to file the affidavit or to make a notation
or order upon the order books showing the filing of the
affidavit. So when the attorney for the bank presented
the affidavit and requested the deputy clerk to file the
same in his office, and he did file it, the attorney repre-
senting the bank and the bank had performed every condi-
tion required in the premises and was not required to see
that the clerk made an indorsement on the records of his
office. Morgan v. Lewis, 172 Ky. 813. In that case it was
held where the sheriff to whom an execution had been
delivered had failed to make the proper indorsement the

rights of the litigant should not suffer through the dereliction of the officer, it being said in the opinion: "There is no record of the acts of the sheriff under that execution. It has been frequently determined in many instances in the law that parties and litigants will not be held liable for the dereliction of officers in the performance of their duties; that the rights of the citizen will be upheld when he has done all the things which the law imposes upon him. An instance of this is that deeds are required to be indexed in the county court clerk's office but the possessor of the deed will not be liable for the consequences of the clerk failing to do so if the deed has been properly lodged with the clerk for record by the one in whose favor it is executed." Herndon v. Ogg, 27 R. 268; Smith v. Chapman, 153 Ky. 70; Guaranty Co. v. Commonwealth, 141 Ky. 570; Bentley v. Letcher County, 143 Ky. 585.

Even though the deputy clerk, Dalmazzo, failed to preserve the affidavit after it was filed and failed to note its filing of record, if that is required, the plaintiff in the execution was not at fault. Having done everything required of it by law it was entitled to the execution which was issued, and being so entitled for the foregoing reasons, was also entitled to have the execution levied upon the land in Lincoln county, and when so levied by the sheriff of that county to whom the process was directed the levy created a lien upon the lands in favor of the execution plaintiff, and appellant Durham was not entitled either upon the ground mentioned in his motion or otherwise, so far as disclosed by the record, to have the execution or levy quashed. The lower court having so held the judgment must be and is affirmed.

Judgment affirmed.