## Mann Brothers v. Ball.

(Decided June 18, 1929.)

VANCE & HEILBRONNER for appellants.

YEAMAN, PENTECOST & YEAMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

The appellee, E. D. Ball, recovered a judgment in the Union circuit court in November, 1923, against George M. Posey and C. E. Hancock. He caused execution to be levied on an undivided one-half interest in the coal rights in two bodies of land in Henderson county (one containing 500 acres and the other 83.82), as Posey's property. Lis pendens notice was promptly filed. This suit was instituted by Ball against Posey and William Reichert, owner of the other one-half interest in the coal rights, seeking to have Posey's interest in this property sold for the satisfaction of his debt and execution lien.

The appellants, Aaron E. Mann and others, partners doing business as Mann Bros., filed their intervening petition, alleging that the coal and mineral rights were owned by Posey, Reichert, and James E. Cheatham, as partners. They set up a partnership agreement, of date April 27, 1909, which showed that Posey and Reichert had furnished the money to pay for the property, and that for his services in managing and developing it Cheatham should have one-third of the profits, and that Posey and Reichert had obligated themselves to convey to Cheatham a one-third interest in the property when he should have paid that proportion of the purchase price. It was alleged by Mann Bros., that Cheatham owed them a note for $2,600, which was secured by an assignment of his interest in that partnership. It is not alleged that Cheatham ever paid any part of the purchase price, or that there was conveyed to him any interest in the property. However, they set up a writing of September 5, 1912, signed by Posey and Reichert, stating that the net profits of the partnership venture were not less than $25,000, and that Cheatham was entitled to one-third, and giving their consent to the sale or pledge by Cheatham to Mann Bros. of his interest therein. It is then alleged that Cheatham thereupon assigned such interest as collateral to secure his note to Mann Bros. It is charged that Mann Bros. by reason of the assignment and pledge had the prior and first lien on Cheatham's one-third interest in those rights, and the petition prayed accordingly. Judgment was also asked against Cheatham on the debt. By amendment Mann Bros. alleged that, if the court should adjudge that under the terms of the partnership contract Cheatham was not a member of the partnership firm, then he was a creditor of the firm, and the firm's obligation to him should first be satisfied, and that they, as assignees of Cheatham, should be subrogated to his rights.

The difference between the parties, therefore, is that Ball claims that Posey owns a half interest in the coal rights which should be subjected to his debt, and Mann Bros. claim that Posey has only a one-third interest therein. The issue, then, is as to priority of right to subject a one-sixth interest in the property.

Ball's demurrer to the intervening petition and the amendment was sustained, and a dismissal followed. Neither Posey nor Reichert resisted the petition, or the intervening petition. It was adjudged that the plaintiff,

Ball, was entitled to have a one-half interest in the coal and coal rights sold for the satisfaction of his lien. On motion of Mann Bros. their claims as to Cheatham, Posey, and Reichert were continued. They appeal from the judgment awarding Ball priority as to the one-sixth interest.

The two tracts of land involved were conveyed at different times to Posey and Reichert jointly. They subsequently sold and conveyed the land, but reserved to themselves the coal rights underlying it. All of these deeds were duly recorded, and the title had so remained of record for 15 years before this suit was filed. The partnership agreement between these two men and Cheatham, by which the latter acquired an equity in the coal rights, and upon which appellants rely, was never recorded, and there is no allegation of actual notice on the part of appellee. The same is true as to the assignment by Cheatham to Mann Bros. Under the provisions of section 496 of the Statutes, such instruments are not valid against the appellee, and the levy of his execution gave him a prior lien.

It is claimed by appellants that the demurrer was erroneously sustained, because the petition did not show that before issuing the execution to Henderson county there was one issued to Union county and returned "No property found"; nor that the plaintiff or his agent or attorney filed an affidavit with the clerk of the Union circuit court showing that defendant did not have sufficient property to satisfy the same, as provided by section 1656-1 of the Statutes; nor that the sheriff levying the execution returned it to the clerk of the Henderson circuit court for record, or that after recording same the clerk delivered it back to the sheriff, or that he (the sheriff) returned the execution to the office of the clerk of the Union circuit court, from whose office it had been issued, which procedure is required by section 1659. It is alleged that the sheriff of Henderson county returned the execution to the office of the Union circuit clerk, but it was not alleged that it was first recorded in the Henderson circuit clerk's office. In the absence of a showing to the contrary, it is presumed that the officers did their duty. Mason v. Letcher Coal & Coke Co., 196 Ky. 629, 245 S. W. 130; Durham v. Farmers' Bank and Trust Co., 213 Ky. 208, 280 S. W. 962.

Following the allegations of the petition, the court adjudged that Posey's undivided one-half interest in the

132

coal rights was indivisible, but that such interest could be sold without impairing the value of either interest in the property. Appellant complains, because it did not adjudge a separate sale of the interest in each of the tracts of land. The 500-acre tract was separate from the 83.82-acre tract, which was described as containing two adjoining parcels. If it should be granted that appellants have the right to raise this question, it may be pointed out that the judgment provided that only so much of Posey's individual interest as was necessary to satisfy the debt should be sold. The court had the power under the allegations and descriptions to enter the judgment. Guest v. Foster, 159 Ky. 1, 166 S. W. 620. It does not appear that the judgment has been carried out, and in this particular, on the motion of a proper party, the court may yet change the manner in which it should be offered for sale. See Wilcoxen v. Farmers' National Bank of Scottsville, 225 Ky. 764, 10 S. W. (2d) 298.

No reason appearing for a reversal of the judgment it is affirmed.