## McMillen v. Bailey.

(Decided Jan. 21, 1938.)

I. G. MASON for appellant.
OSCAR M. SMITH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Overruling motion to quash Sheriff's return and sale.

The instant litigation—instigated by the motion under consideration made by appellee in this court—is an outgrowth of the case of McMillen v. Bailey, 269 Ky. 194, 106 S. W. (2d) 638. After the reversal of the judgment appealed from in that case, dealing with the questions and subject-matters involved therein, the mandate of this court was issued and filed in the Logan circuit court, in which it appears that the plaintiff (appellee in that case) amended his petition and brought into the case his divorced wife after the court

had set aside the judgment appealed from following the filing of the mandate. In the meantime an execution issued from *this* court directed to the sheriff of Logan county against the appellee for appellant's costs, amounting to $71.25. That officer levied it on the contested improvement buildings involved in the case (see opinion supra) consisting of a four-room dwelling house and a barn, and advertised the property for sale to satisfy the execution for 10 o'clock on December 6, 1937, at the courthouse door in Russellville, Ky.

The appellee appeared and objected to the sale for various reasons, among which were: That the sheriff had not attempted to levy on personal property of the defendant in the execution, and which it was claimed he possessed in sufficient amount to satisfy it; that the only interest, if any, that the defendant in the execution had in the property levied on was an equitable one which was not reachable by levy and sale under execution; and that the advertised sale purported to subject the entire title to the property levied on, whereas the defendant, as pointed out in the opinion supra, was in no event the entire owner thereof. Nevertheless the sheriff made the sale as advertised and appellee bid the amount of the execution and became the purchaser of the property. The sale was on a credit of three months and he executed bond for the purchase price due at the end of that period.

This is a motion made in *this* court, from whence the execution issued, to quash the sheriff's return and also the sale made thereunder upon practically the same grounds contained in appellee's objections made to the sale at the time. It is argued in support of the motion that if the levy and sale should stand as made by the sheriff, then appellee under his purchase would obtain absolute title to the property, notwithstanding our opinion supra determined otherwise, and directed the trial court to determine the state of the title and the shares of all interested parties therein. We have concluded that the motion should be overruled because of these reasons:

1. The levy of the execution on real estate (if the two involved buildings are to be considered as such), instead of first levying it upon personal property, as

the law directs (section 1692 of our present Statutes), is a departure from the sheriff's duty of which only the defendant in the execution may complain, since it is supposed to be his property that the officer is wrongfully and irregularly attempting to subject. It does not, therefore, concern the plaintiff in the execution in the least, nor does the inappropriate levy impair his rights to any extent, and he is the only one making the instant motion. For the same reason the sale of the property cannot be attacked by the plaintiff in the execution. Such matters are, therefore, not available to appellant for the purpose of sustaining the motion now under consideration.

2. The same considerations also bar appellant's right to contest the levy and sale of what he terms only an equitable interest at most of appellee, the defendant in the execution, since the latter only could object to divesting himself of such equitable title in the manner attempted, and not his creditor or plaintiff in the execution. If the levy and sale should have the effect to divest the owner of the equitable title only of his interest in the property levied on, he is the appropriate one to object thereto, being the only one who might be prejudiced thereby. It is inconceivable that the one to whom the proceeds of the execution is due occupies a position to make such an objection.

3. Although the levy and sale might expressly purport to levy upon and sell the entire title to the property, yet the legal effect thereof would be to subject *only* the actual interest of the defendant in the execution in and to the property levied on, it being too plain for argument that the sheriff by his mere act of levy and sale could not divest a total stranger to the execution of any interest that he might have in and to the property levied on. Therefore, the ultimate effect of the levy and sale complained of was and is to subject only whatever interest appellee had in and to the property levied on and to transfer that interest to the purchaser through the operation of the sale. But the purchaser in this instance is the appellee himself, and by becoming such he continues to stand in the same shoes that he did before the sale was made—the only effect of which is for the appellant and movant, who is entitled to the proceeds of the sale, to procure a bond

for the amount of his execution, and through which he may ultimately receive payment. Such benefit to him is the only effect of the sale.

Our opinion supra left open all questions of ownership, interest, etc., in and to the involved property— which was only the dwelling house and barn sold by the sheriff under the execution—and directed that the wife of appellee be made a party, and for those questions to be litigated and determined by the trial court following the filing of our mandate and the setting aside of the judgment that was appealed from. Such matters are now pending in that court and the levy and sale here involved has not had the effect to change the relative status of the parties in the least. In the circumstances nothing can be accomplished by sustaining the motions under consideration, even if the grounds relied on therefor should be determined to be meritorious. The sale does not imperil in the least or otherwise modify or qualify the rights of the parties in and to the property levied on and sold by the sheriff as they existed beforehand; while the Logan circuit court in which the cause is pending still has jurisdiction to determine and adjudicate those matters.

In addition to the foregoing, it is also urged on this hearing that the sheriff levied upon and sold more property than was necessary to realize the amount of the execution; but for the same reasons advanced supra, appellee may not complain of that irregularity, for, if it were meritorious, it would not alter in the least the status of any title or interest in and to the property that might be held by others.

For the reasons stated, the motions are overruled, but without prejudice to the rights of any interested parties to litigate in the court below any of the matters referred to.