## Kitchen, Whitt & Co. et al. v. Fannin et al.

(Decided March 25, 1938.)

DYSARD & TINSLEY for appellant.

S. M. MAYNARD, PREECE & MAYNARD, PREECE & PACE and JASPER H. PREECE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The contested questions involved on this appeal are grafted ones on an equity action filed in the Martin circuit court on September 20, 1935, by appellees, Henry Fannin and wife, Ripsy Fannin, against Warfield Natural Gas Company. Plaintiffs therein (appellees here) sought the cancellation of an oil and gas lease theretofore given on a tract of land in Martin county, Ky., upon certain grounds stated in the petition consisting of violation of the terms of the lease so as to authorize its cancellation as contended by plaintiffs in their petition. The corporate defendant therein, Warfield Natural Gas Company, filed answer denying the averments of the petition, and asserted other defenses, among which was that in the meantime the land upon which the lease existed had been levied on and sold by the sheriff of Martin county under an execution upon a judgment that appellant here, Kitchen, Whitt & Co., had recovered against appellee Henry Fannin in the Martin circuit court, and that appellant was the purchaser at that sale which was for the amount of its judgment, interest, and costs. It was much less than two-thirds of the appraised value of the land, although the sheriff had offered to sell a less quantity of it for the amount of the execution, but received no bid for any less than the whole. Therefore, the right of redemption given by section 1684 of our present Statutes existed and the execution, with the levy and report of sale made thereunder, was returned by the sheriff. No further steps were taken until the expiration of twelve

months after the sale. The statutory period for redemption having expired, and no redemption having been made or offered to be made, the sheriff then executed a deed to appellant conveying to it, "The entire interest of Henry Fannin in all that certain tract of land on Rockcastle Creek in Martin County. Kentucky," etc.

The deed was executed on April 13, 1935, before the filing of the equity action of appellees against Warfield Natural Gas Company, supra. The latter's answer also set up the fact of the execution sale, and sought to bring in by cross-pleading, Kitchen, Whitt & Co., since there was a dispute between it and appellees as to who owned the land upon which the lease was given. Following the filing of that pleading, Kitchen, Whitt & Co. came into the case and asserted entire title to the land under its purchase at the execution sale, contending, of course, that Henry Fannin was, at the time of the levy of the execution in its favor and under which it purchased the land, its part or exclusive owner. Appellees by counter pleadings denied that contention and asserted that Henry Fannin owned no interest in the land at the time of the levy of the execution against him in favor of appellant here, but that, on the contrary, Mrs. Fannin was the owner of all of it and that appellant obtained no interest therein arising from the execution levy or the sale thereunder, or the deed executed pursuant thereto. The pleadings (especially those of appellees here) set out the source of the wife's title which, of course, was unnecessary, but nevertheless issue was made thereon.

Appellees not only denied appellant's right to any interest in the land—because of the facts just stated—but they also sought to set aside the execution sale on the ground that it had not been advertised by the sheriff as prescribed by law. Issues were made on all such contentions and proof was heard, after which the cause was submitted to the court and it thus adjudged, (1) dismissed appellant's cross-petition which sought an adjudication of its ownership of the land under the execution deed, (2) set aside the sale made by the sheriff to the appellant, but (3) expressly held that the lien created by the levy of the execution in favor of appellant "shall remain in full force and effect." To that judgment, appellant objected and excepted and prayed and was granted an appeal to this court.

It will be observed that there was no adjudication by the court of any of the issues as to (a) the cancellation of the lease sought by the original petition; (b) what interest, if any, Henry Fannin owned in the land at the time of the levy of the execution, supra, thereon, nor (c) what interest, if any, appellant obtained under its deed from the sheriff pursuant to a sale made under that levy. There is, therefore, presented for determination by this appeal the single question as to the propriety of the court's action in setting aside the execution sale and the deed made pursuant thereto.

We have not been favored with a brief for appellees and are, therefore, deprived of any reasons urged by appellees in support of the judgment on the single issue referred to. It is clearly pointed out in brief of learned counsel for appellant that the levy of the execution against Henry Fannin in favor of appellant upon the land in question, the sale made thereunder, and the deed later executed pursuant thereto, at least had the effect of subjecting all of the interests that Henry Fanning (defendant in the execution) owned in the land levied on. But, as we have seen, the court did not adjudge what that interest was, although that issue was sharply made in the pleadings, and there is no appeal, as we have seen, from anything that the court determined or failed to determine, except the orders setting aside the sale and the deed executed by the sheriff pursuant thereto. We can imagine no grounds for the sole adjudication appealed from, unless the court found that there was a failure of the sheriff to advertise the sale as directed by law. The court necessarily determined that the levy of the execution was not invalid, since it expressly held that the lien produced by the execution levy should remain in force. We will, therefore, briefly consider the only ground suggesting itself to us as a reason why the court rendered the judgment appealed from, and which is, as we have indicated, that the execution sale was not properly advertised or possibly that the amount bid at the execution sale was so inadequate as to justify the court's action.

There is no complaint of any failure of the sheriff to comply with any of the requirements of law in making the sale, except the one of insufficient advertisement. Reference is made in briefs to the inadequacy of the price bid at the execution sale, but it has long

been established in this court—following a well-settled rule on the subject—that inadequacy of price bid for land at an execution sale is not per se a sufficient ground for setting it aside. Some of the earlier cases announcing that rule are Stockton v. Owings, Litt. Sel. Cas. 256, 12 Am. Dec. 302; Hart v. Bleight, 3 T. B. Mon. 273; Criag v. Garnett's Adm'r, 9 Bush 97, and Scott's Ex'r v. Scott, 85 Ky. 385, 3 S. W. 598, 9 Ky. Law Rep. 363. See, also, same case in 5 S. W. 423. A reading of those opinions and others following them, as well as text-writers upon the subject, will disclose the declared and settled rule to be, that mere inadequacy of price alone, unaccompanied by any fraudulent acts or conduct, does not furnish grounds for setting aside an execution sale. No such fraudulent acts or conduct are disclosed by any evidence in the case, nor is any such claimed or relied on in any pleading filed in the case, and the record is entirely free from any proof thereof. Therefore the case is one wherein the rules approved in the cited cases should apply.

With reference to the claimed insufficiency of the advertisement of the sale, we deem it only necessary to state that it is far from being supported by any testimony in the case. The only proof offered on that issue was the testimony of appellees, stating, in substance, that if any advertisement of sale was posted by the sheriff upon the land as required by law, they failed to see it. The return made by the sheriff as to his action under the execution expressly stated that he had advertised the land in the manner pointed out by the statute, and a similar recitation is contained in the deed that he executed to appellant.

Such official statements by the sheriff are presumptively true and cannot be collaterally attacked "except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer," which excerpt is a part of section 3760 of our Statutes, it being a more or less ancient one in this jurisdiction. No exception to the report of the sheriff's sale was ever filed and the attack made on it in this case is a collateral one. It does not measure up to the requirements of the statute and for that reason alone the court erroneously held—if it did do so—that the execution sale was not properly advertised, even if such failure would otherwise be available to appellees in the circumstances and conditions under which the attack is made. The

proof offered in support of it is insufficient to sustain it, even if the attack had been properly made, since it was wholly insufficient to overcome the presumption that the sheriff performed his duty in such respect, and doubly so in view of his official declarations that he had done so. See White v. Laurel Land Company, 82 S. W. 571, 26 Ky. Law Rep. 775; Mann Brothers v. Ball, 230 Ky. 129, 18 S. W. (2d) 946, and annotations in 36 A. L. R. on page 998 et seq. It not being established that the law with reference to advertising such sales had not been complied with, it becomes unnecessary to discuss or to make any determination concerning the further contention of appellant to the effect that the execution sale should not be set aside in this collateral attack although proper advertisement was not made as prescribed by the statute, and which seems to have been held in a number of cases cited in briefs, among which are: Lawrence v. Speed, 2 Bibb 401; Kilby v. Haggin, 3 J. J. Marsh. 208; Webber v. Cox, 6 T. B. Mon. 110, 17 Am. Dec. 127; Bank of Cerulean Springs v. Gardner, 134 Ky. 632, 121 S. W. 608, and Cotton's Ex'x v. Cotton, 136 Ky. 54, 123 S. W. 331. See, also, 10 R. C. L. 1294, pages 1432-1433.

Of course, the execution sale and the sheriff's deed made pursuant thereto did not impair the rights or transfer any interest in and to the land attempted to be sold, except that owned by the defendant Henry Fannin in the execution and the sheriff's deed did not purport to convey any other interest. The sale, therefore, transferred to appellant only whatever interest Henry Fannin owned and had in and to that tract of land. See McMillen v. Bailey, 271 Ky. 628, 112 S. W. (2d) 1009, the opinion being delivered on January 21, 1938. The court upon a return of the case should therefore set aside the judgment appealed from and then determine the extent of the title, if any, held by Henry Fannin at the time of the levy of the execution and the sale made pursuant thereto; then adjudge appellant the owner of such interest. If it should turn out to be the entire interest, to then adjudge it to be the absolute owner of the land, with incidental following consequences upon the rights of all parties concerned.

Wherefore, the judgment is reversed, with directions to set it aside, and for proceedings conforming to this opinion.